# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

GLADYS JEAN CARTER,

    Plaintiff,

    v.      Civil Action No. RDB-16-3102

MORGAN STANLEY
WEALTH MANAGEMENT,

    Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Gladys Jean Carter ("Plaintiff" or "Carter") has filed a three-count Complaint against Defendant Morgan Stanley Wealth Management ("Defendant" or "Morgan Stanley"), seeking Declaratory Relief (Count I), and alleging, *inter alia*, Conversion of Property (Count II), and violation of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13-301, et seq. ("MCPA") (Count III). Carter alleges that Morgan Stanley has refused to release to her funds which were identified by her daughter, Judy L. Burnette ("Burnette"), as joint property when deposited with Morgan Stanley. (ECF No. 2.) Morgan Stanley does not dispute Carter's entitlement to some (or potentially all) of the funds, but refuses to release the assets to her without the written consent of the listed co-owners of certain accounts. This case was originally filed in the Circuit Court of Maryland for Caroline County, but was subsequently removed by Morgan Stanley to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (ECF No. 1.)

1

Now pending before this Court is Defendant Morgan Stanley's Motion to Dismiss ("Defendant's Motion") Counts II and III of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 7.) In Plaintiff's Opposition to Defendant's Motion, Plaintiff withdrew her Conversion of Property Claim (Count II). (ECF No. 12 at 1.) Accordingly, Count II is DISMISSED. The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, Defendant Morgan Stanley's Motion to Dismiss (ECF No. 7) is GRANTED, and both Counts II and III of Plaintiff's Complaint are DISMISSED. This case shall proceed as a one-count Complaint seeking a Declaratory Judgment.

**BACKGROUND**

When reviewing a Motion to Dismiss, the Court accepts as true the facts alleged in the plaintiff's Complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).

Plaintiff Gladys Jean Carter is an eighty-five year old resident of Greensboro, Caroline County, Maryland. (Compl., ECF No. 2 at ¶ 1.) In January 2013, Plaintiff Gladys Jean Carter ("Plaintiff" or "Carter") "fell and broke her hip . . . and was in a nursing home, against her will, for some period of the last three years." (*Id.* at ¶ 16.) In January 2014, Carter "gave her daughter Judy L. Burnette a power of attorney to manage her affairs while [plaintiff] was in the nursing home." (*Id.* at ¶ 18.) Prior to May 6, 2014, Carter held funds in multiple accounts in several financial institutions, and "all of the property was either in Mrs. Carter's individual name, or in her individual name but with a beneficiary in the case of her death." (*Id.* at ¶ 30.) These contingent beneficiaries did not have any right to these assets while Carter was still alive. (*Id.*)

After Carter granted her daughter a power of attorney, Burnette allegedly transferred all of her mother's funds to an M&T Bank account, and then "transferred a substantial portion of the consolidated amount to newly created accounts" at Morgan Stanley. (ECF No. 2 at ¶¶ 25-27.) These accounts were administered through Defendant's West Palm Beach, Florida branch. (*Id.*) Plaintiff now alleges that these funds were improperly titled as joint accounts, and not "Payable on Death" accounts; as a result, the individuals whom she intended to be contingent beneficiaries obtained immediate property interests in the funds. (*Id.* at ¶ 31.)

When Carter left the nursing home and learned of the status of the accounts, she revoked the power of attorney granted to Burnette and "asked Morgan Stanley to close all her accounts and return all funds directly to her." (ECF No. 2 at ¶¶ 19, 23.) Morgan Stanley has refused, asserting that "because the accounts were opened in joint names, a letter of authorization from both account holders would be required before [Morgan Stanley] could move all of the funds into [Carter's] Individual Account." (ECF No. 8 at 3.)

On August 9, 2016, Carter filed this action, seeking a declaratory judgment regarding her entitlement to all of the funds and alleging that Morgan Stanley violated the Maryland Consumer Protection Act by using "unfair, and deceptive trade practices, intended to deprive Carter of her funds under the [Act]." (ECF No. 2 at ¶¶ 46-47) (Count III). Through her MCPA claim, Carter seeks to recover "damages including attorneys' fees under Title 13-408 [of the MCPA]." (*Id.* at ¶ 49.)[1]

---

[1] As noted above, Plaintiff withdrew Count II of her Complaint, which had alleged conversion.

3

**STANDARD OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). The sufficiency of a complaint is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017).

Rule 9(b) of the Federal Rules of Civil Procedure requires that "the circumstances constituting fraud be stated with particularity." Fed. R. Civ. P. 9(b). The rule "does not require the elucidation of every detail of the alleged fraud, but does require more than a bare assertion that such a cause of action exists." *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp.

1053, 1074 (D. Md. 1991). To satisfy the rule, a plaintiff must "identify with some precision the date, place and time of active misrepresentations or the circumstances of active concealments." *Johnson v. Wheeler*, 492 F. Supp. 2d 492, 509 (D. Md. 2007). A court "should hesitate to dismiss a complaint under Rule 9(b) if [it] is satisfied (1) that the defendant has been made aware of the particular circumstances for which [it] will have to prepare a defense at trial, and (2) that [the] plaintiff has substantial prediscovery evidence of those facts." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).

## ANALYSIS

In Count III of the Complaint, plaintiff alleges that defendant violated the Maryland Consumer Protection Act ("MCPA"), MD. CODE ANN., COM. LAW, § 13-301. (ECF No. 2 at ¶¶ 45-50.) The MCPA prohibits "unfair or deceptive trade practices." *See* Md. Code Ann., Com. Law § 13–301. A plaintiff bringing a claim under the MCPA must allege: "(1) an unfair or deceptive practice or misrepresentation that is (2) relied upon, and (3) causes them actual injury." *Galante v. Ocwen Loan Servicing, LLC*, No. ELH–13–1939, 2014 WL 3616354, at *25 (D. Md. July 18, 2014) (citations omitted). Where a plaintiff alleges unfair or deceptive trade practices under the MCPA, the complaint "is subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b), which requires a plaintiff to plead with particularity the circumstances constituting fraud." *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013) (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)). The MCPA authorizes an action for damages "to recover for injury or loss sustained . . . as the result of a practice prohibited by this title." Md. Code Ann., Com. Law § 13–408.

5

Plaintiff has failed to allege any facts whatsoever in support of her allegation that Morgan Stanley violated the MCPA. Plaintiff's mere conclusory allegation that Morgan Stanley's actions were unfair and deceptive trade practices is insufficient to state a plausible claim for relief under Rule 8(a), much less under the applicable, heightened pleading standard of Rule 9(b). Instead, the Complaint targets the actions taken by Burnette, plaintiff's daughter and former power of attorney holder, who, it is alleged, directed that the Morgan Stanley accounts be jointly titled—rather than as Payable on Death accounts with contingent beneficiaries. (ECF No. 2 at ¶ 30.) While the Complaint generally avers that Morgan Stanley "had [no] authority to give away the property of Plaintiff in this fashion," it points to no specific actions taken by Morgan Stanley (which was directed by Plaintiff's then-agent, Burnette) to suggest any error, much less fraud, on its behalf.[2] (*Id.* at ¶ 31.)

Moreover, the Complaint fails to allege any actual injury or loss based on Defendant's misrepresentations. Under the MCPA, "any person may bring an action to recover for injury or loss sustained by him as the result of a practice prohibited by [the MCPA]." Md. Code Ann., Com. Law § 13–408. However, "an individual may only bring a claim if she can establish the nature of the actual injury or loss that he or she allegedly sustained as a result of the prohibited practice." *Allen v. CitiMortgage, Inc.*, No. CCB–10–2740, 2011 WL 3425665, at *10 (D. Md. Aug. 4, 2011) (quoting *Lloyd v. General Motors Corp.*, 397 Md. 108, 916 A.2d 257, 280 (2007)). Plaintiff concedes that the funds in question remain in the accounts at Morgan Stanley and does not allege that they have been depleted in any way. (ECF No. 2 at ¶ 29.)

---

[2] While Plaintiff may be able to pursue other legal remedies against Burnette as her fiduciary, she may not pursue her MCPA claim against *this defendant*.

6

Thus, even if Plaintiff had otherwise stated a plausible claim under the MCPA—which she has not—the Complaint is still insufficient to survive Defendants' Motion.

As Plaintiff has failed to state a plausible claim for relief under the MCPA, Defendants' Motion must be GRANTED, and Count III of the Complaint must be DISMISSED.[3]

## CONCLUSION

For the reasons stated above, Defendant Morgan Stanley's Motion to Dismiss (ECF No. 7) is GRANTED, and Counts II and III of Plaintiff's Complaint are DISMISSED.[4] Plaintiff's Request for Leave to Amend the Complaint is DENIED.

A separate Order follows.


Dated: April 18, 2017                     _____/s/_____
                                          Richard D. Bennett
                                          United States District Judge

---

[3] Plaintiff requests in the alternative that she be granted leave to amend to "bolster what additional facts are required for the MCPA." (ECF No. 12 at 6.) Plaintiff's request for leave to amend the Complaint is DENIED. If, after considering the ruling rendered herein, Plaintiff believes that filing an amended complaint would not be in bad faith, prejudicial to the opposing party, or futile, Plaintiff may file a Motion for Leave to Amend, including a proposed amended complaint consistent with Local Rule 103.6(a). *See* Fed. R. Civ. P. 15; *Calhoun-El v. Bishop*, RDB-13-3868, 2016 WL 5453033, at *2 (D. Md. Sept 29, 2016).

[4] Plaintiff may proceed on her claim for Declaratory Judgment (Count I).